IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 19-24-BU-DLC |
| Plaintiff, | |
| vs. | ORDER |
| EBONY CHERELLE TAFOYA, | |
| Defendant. | |

Defendant Tafoya moves the Court to reduce the sentence under 18 U.S.C. §
3582(c)(1)(A).  She is currently serving a 48-month sentence for a federal drug
offense.  *See* Judgment (Doc. 45).  Her projected release date is now December 31,
2022.  *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed June 8, 2022).
Her release date was previously projected to be November 26, 2023.  *See* Sentence
Computation (Doc. 57-1) at 158.

On January 21, 2022, the Court appointed counsel to represent Tafoya.  *See*
Order (Doc. 51).  Counsel filed a supplemental motion.  It is now fully briefed.

**I.  Legal Framework**

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court
may reduce a sentence if "extraordinary and compelling reasons warrant such a

1

reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Generally, courts first consider whether the prisoner has shown an extraordinary and compelling reason that could warrant a reduction, then consider the factors in § 3553(a), to the extent they apply, to determine whether to make a reduction.  *See, e.g.*, *United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021) (per curiam); *United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021) (per curiam).

The statute provides that any sentence reduction must be consistent with the "applicable" policy statement in the Sentencing Guidelines.  *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018).  The guideline, however, has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to move for sentence reductions.  The Ninth Circuit, along with several others, holds that district courts may take U.S.S.G. § 1B1.13 into account, but it is binding only when the Director has filed the motion.  *See Aruda*, 993 F.3d at 802; *but see Bryant v. United States*, 996 F.3d 1243, 1248 (11th Cir.), *cert. denied*, No. 20-1732 (U.S. Dec. 6, 2021).

Pertinent factors under § 3553(a) include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and

2

protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants and provide restitution to victims. *See id*. § 3553(a)(4), (6)–(7).

## II. Discussion

### A.  Reason for Release

Tafoya has a history of hypertension, asthma, and severe stimulant-related disorder.  She also contracted COVID-19 in the winter of 2020–21.  *See* Supp. Med. Record (Doc. 58-1) at 11–13.  Each of these chronic conditions increases her risk of developing severe illness if she contracts COVID-19 again.  Multiple conditions create a greater risk.  *See* Centers for Disease Control, *Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 2, 2022, and accessed June 8, 2022).  Tafoya declined vaccination, *see* Medical Record (Doc. 57-1) at 156, 160, but other factors supersede this concern.

In August and September of 2021, Tafoya suffered a stroke, underwent cranial surgery, and incurred a post-surgical infection.  For whatever reasons, FCI Dublin did not deliver the medical follow-up care and monitoring she required.

3

*See* Br. in Supp. at 10–15.  The time she has served has been unnecessarily harsh and frightening.  These conditions were no part of the sentence imposed.

Tafoya shows an extraordinary and compelling reason to reduce her sentence to time served.

### B.  Section 3553(a) Factors

Tafoya's record in prison poses some concern.  She had three disciplinary write-ups, two about a week apart in January 2021, and another in August 2021. *See* Disciplinary Record (Doc. 57-1) at 1.  Notably, however, these are times when she was ill or recovering from illness, with COVID-19 in January and with headaches and the stroke occurring in August.

Tafoya's criminal history also poses some concern.  She has been willing to use violence and weapons in the past, against both intimates and strangers.  *See, e.g.*, Presentence Report ¶¶ 51, 52; *see also id*. ¶¶ 57–58 (charges dismissed).  On one occasion, five days after she was arrested for the battery of her boyfriend, she returned to the scene of her arrest at a convenience store to threaten the clerk who worked there and witnessed her actions.  *See id.* ¶¶ 52, 58.  Due to the incident of battery and later violations of the conditions of her suspended sentence, Tafoya received the only custodial sentence she had served before she went to prison for the instant offense.  She was arrested again a couple of months after discharging

4

the sentence, but she complied with all the conditions of the deferred sentence for that offense, and the offense itself did not involve any violence. *See* Presentence Report ¶ 54. She did not use violence or possess weapons in connection with the federal offense. *See id*. ¶¶ 10–25.

Tafoya's advisory guideline range at sentencing was 108 to 135 months. *See* Statement of Reasons (Doc. 46) at 1 § III. She qualified for the safety valve. *See id*. § II(B). She received a significant downward variance to a sentence of 48 months, because her role in the offense was precipitated by her addiction and the absence of a safe and stable home environment. She distributed a large amount of methamphetamine, but she did not play a major role in the overall distribution scheme. *See id*. at 3 § VI(D).

Most significantly for present purposes, Tafoya did well on pretrial and presentencing release. She self-reported to serve her prison sentence. Most defendants charged with drug crimes are not released pending trial or sentencing. Many who are charged with methamphetamine offenses violate conditions of their release. Tafoya tested positive for alcohol on one occasion, *see* Presentence Report ¶ 9, but no other infraction was reported. She maintained a good job that she enjoyed, and her employer said she was "a great employee" with "a good attitude," a "hard worker," and he was "lucky to have her." *Id*. ¶ 107. She has

5

proved she can do well under supervision and contribute meaningfully to her community.

## C. Conclusion

Tafoya has served unusually and unnecessarily hard time.  The Court has confidence in her ability to abide by the law and wants to see her living a better life.  She will have an opportunity to do so.

Accordingly, IT IS ORDERED:

1.  Tafoya's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 49, 55) is GRANTED.

2.  As of the date of this Order, Tafoya's sentence is REDUCED to time served.

3.  This Order is STAYED for up to 30 days.

4.  The United States Probation Office must verify Tafoya's residence and establish a release plan with a provision for home confinement.  Appropriate travel arrangements must also be made.

5.  Tafoya shall be released when the Probation Office is satisfied that the requirements of paragraph four are met.

6.  If more than 30 days are needed to accomplish Tafoya's release, the United States must so notify the Court and demonstrate good cause why the stay of

this Order should be extended.

7.   The United States Probation Office and counsel for the parties shall review Tafoya's conditions of supervised release and pursue any necessary modifications.

8.   Tafoya must provide the Court with the complete address where she will reside upon release.

9.   The United States must ensure Tafoya is closely monitored for any signs of COVID-19 and must immediately advise counsel, the Court, and the United States Probation Office should she become ill or test positive for the virus or the disease before her release.

DATED this 8th day of June, 2022.

Dana L. Christensen, District Judge
United States District Court

7